IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOT TOWNSEND and SHELLY TOWNSEND,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., AMERICAN HOME MORTGAGE SERVICING, INC, and DOES 1 through 100,<br><br>    Defendants.<br>_____/ | No. C 12-06150 JSW<br><br>**ORDER TO SHOW CAUSE** |

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

The Court notes that there is a split in authority regarding whether national banking associations are citizens of the state where their principal place of business is located, as well as their main office. District courts within California are divided on whether *American Surety Co. v. Bank of California*, 133 F.2d 160 (9th Cir. 1943) and *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006) are reconcilable. *Compare e.g.*, *Flores v. Wells Fargo Bank, N.A.*, 2012 WL 832546, *2 (N.D. Cal. March 12, 2012) (finding that *Schmidt* abrogated *American Surety*); *with e.g.*, *Taheny v. Wells Fargo Bank, N.A.*, 2012 WL 1120140, *6 (E.D. Cal. April 3, 2012); *Rouse*

*v. Wachovia Mortg.*, 2012 WL 174206, *12 (C.D. Cal. Jan. 13, 2012); *Rodriguez v. Wells Fargo Bank, Nat. Ass'n*, 2012 WL 1940572, *3 (S.D. Cal. May 25, 2012) (finding that American Surety and Schmidt are reconcilable).

The Court HEREBY ORDERS Defendants to show cause why this Court has jurisdiction in writing by no later than April 17, 2013.  Plaintiffs may file a response by no later than April 26, 2013.  The Court FURTHER ORDERS that the hearing on Defendants' motion to dismiss is CONTINUED to May 31, 2013.

**IT IS SO ORDERED.**

Dated: April 8, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2